UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00021-GCM-DCK

| | |
|---|---|
| TIGRESS MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| GREEN DOT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] and Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2].

I.  BACKGROUND

Pro se Plaintiff Tigress McDaniel ("Plaintiff") filed this action on January 13, 2023, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., "gross and vicarious negligence," and for punitive damages, against the following Defendants: Green Dot Corporation, Green Dot Bank, Fingerhut, Bluestorm Sales, Inc., Experian Data Corp., Experian Services Corp., TransUnion Data Solutions LLC, Transunion LLC, Equifax Information Services LLC, and an unidentified number of "Does." [Doc. 1]. Plaintiff moves to proceed in forma pauperis. [Doc. 2].

By way of background, Plaintiff has filed no less than 14 actions in this Court since 2016.[1] An exhaustive review of Plaintiff's litigation history is unnecessary, but the Court will

---

[1] Case Nos. 3:16-cv-00826-RJC-DSC, 3:17-cv-00448-RJC, 3:18-cv-00127-RJC-DCK, 3:18-cv-00204-RJC-DLH, 3:18-cv-205-FDW-DCK, 3:18-cv-00530-RJC-DSC, 3:21-cv-00425-GCM, 3:21-cv-00610-FDW-DSC, 3:22-cv-00052-FDW-DSC, 3:22-cv-00065-RJC-DCK, 3:22-cv-00109-RJC-DCK, 3:22-cv-00166-FDW-DSC, 3:22-cv-00236-MOC-DSC, and 3:23-cv-00021-GCM-DCK.

review several actions that are particularly relevant here.  On February 8, 2022, Plaintiff filed an action against a group of Defendants nearly identical to those named in the instant action and asserting the same general claims.  [Case No. 3:22-cv-00052-FDW-DSC, Doc. 1].  The Court denied Plaintiff's motion to proceed in forma pauperis in that action, finding that it appeared Plaintiff had sufficient funds with which to pay the filing fee.  [Id., Doc. 6].  The Court ordered Plaintiff to pay the filing fee within 21 days or her Complaint would be dismissed without prejudice.  [Id., id.].  Rather than pay the fee, Plaintiff voluntarily dismissed her Complaint.  [Id., Doc. 7].

Then, on March 14, 2022, rather than pay the filing fee as ordered in Case No. 3:22-cv-52, Plaintiff filed a Complaint in a new and separate action asserting the same claims against the same Defendants.  [Case No. 3:22-cv-00109-RJC-DCK, Doc. 1].  Plaintiff again sought to proceed in forma pauperis.  [Id., Doc. 2].  Plaintiff also moved for the recusal of the Honorable Robert J. Conrad, Jr., District Judge.  [Id., Doc. 5]. The Court denied Plaintiff's IFP motion, finding that Plaintiff's "conduct in evading the Court's Order, voluntarily dismissing Case No. 3:22-cv-52, and filing the instant case evinces a lack of good faith that the Court cannot sanction."  [Id., Doc. 9 at 5].  The Court also denied Plaintiff's motion to recuse for the reasons stated in that Order.  [Id., id. at 3-4].  The Court ordered that Plaintiff must pay the filing fee to proceed and, if not, the Court would dismiss the action without prejudice.  [Id., id. at 5-6].  The Court admonished Plaintiff that, "should [she] decide to pay the filing fee…, the Court's initial review [would] include the potential imposition of a pre-filing review system to protect the Court from Plaintiff's continued abuse of the judicial process."  [Id., id.].  Plaintiff appealed the denial of her IFP motion and motion to recuse and the Court stayed the case pending appeal.  [Id., Docs. 10, 13].  The Fourth Circuit affirmed the Court's denial of the IFP motion and dismissed the

remainder of the appeal for lack of jurisdiction. [Id., Doc. 18]. Thereafter, the Court lifted the stay and allowed Plaintiff 21 days from December 2, 2022 to pay the filing fee. [Id., Doc. 19]. Plaintiff failed to timely pay the fee and, on January 11, 2023, the Court dismissed the action without prejudice. [Id., Doc. 23].

Meanwhile, on April 18, 2022, Plaintiff purported to file an action on behalf of herself and her minor child, alleging negligence, defamation pursuant to 28 U.S.C. § 4101, and copyright infringement pursuant to 17 U.S.C. § 501, under this Court's diversity and federal question jurisdiction. [Case No. 3:22-cv-00166-FDW-DSC, Doc. 1]. Plaintiff sought to proceed in forma pauperis in that action. [Id., id.]. That Complaint was virtually identical to a Complaint that the Plaintiff filed in this Court on February 17, 2022. [Case No. 3:22-cv-65-RJC-DCK, Doc. 1]. In Case No. 3:22-cv-65, which was assigned to Judge Conrad, Plaintiff sought Judge Conrad's recusal due to unfavorable rulings in prior actions before the Court. Plaintiff had also apparently filed a judicial complaint against Judge Conrad in the Fourth Circuit Court of Appeals. [Id., Docs. 4, 7]. On April 18, 2022, Plaintiff voluntarily dismissed Case No. 3:22-cv-65 because the case had "remained unlawfully stagnated by Robert Conrad for 3 months, to renew such action with the assignment of another judge," [Id., Doc. 8 at 2], and filed Case No. 3:22-cv-166 in its place. On April 20, 2022, the Court denied Plaintiff's motion to proceed in forma pauperis in Case No. 3:22-cv-166, finding that Plaintiff's conduct "evince[d] a lack of good faith and judge-shopping." [Case No. 3:22-cv-166, Doc. 3 at 3-4]. The Court noted, "that this is not the first time the Plaintiff has manipulatively employed voluntary dismissal in this Court. For instance, when the Court denied her IFP Application and ordered her to pay the filing fee in Case No. 3:22-cv-52-FDW, she voluntarily dismissed and refiled a new action in Case No. 3:22-cv-109-RJC, rather than complying with the Court's Order." [Id., id. at 4].

3

## II.   IN FORMA PAUPERIS MOTION

Now pending before the Court is an action against the same group of Defendants as were named in Case Nos. 3:22-cv-52 and 3:22-cv-109. [Doc. 1]. Plaintiff again seeks to proceed in forma pauperis. [Doc. 2]. In this most recent application, Plaintiff reports that her average income for the past 12 months was $4,542.00, but that this average income will be reduced by a total of $3,516.00 next month because "this was [her] final year in law school. Thus, [she] will not continue to receive financial aid" and because her "business income is not consistent each month." [Doc. 2 at 2, 5]. Thus, Plaintiff's expected income next month is $1,026.00. [Id. at 2]. Plaintiff reports that she has $393,000.00 of debt, primarily from student loans incurred in law school. [Id. at 4]. Plaintiff reports that, presently, she has "received no job offers." [Id. at 5].

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed *in forma pauperis*. Clarke v. Richmond Behav. Health Auth., 402 Fed. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

Here, Plaintiff yet again filed the instant IFP motion and Complaint in a new and separate action to avoid the Court's Orders to pay the filing fee in Case Nos. 3:22-cv-52 and 3:22-cv-109.

4

While the Court is not unsympathetic to Plaintiff's shift in income over these past several months, Plaintiff cannot evade the Court's previous Orders to pay the filing fee by dismissing cases or failing to timely pay the fee as ordered, resulting in a dismissal, and simply filing a new action and again seeking IFP status. The Court clearly and repeatedly ordered Plaintiff to pay the filing fee when her IFP applications supported such payment. Moreover, the Court has carefully reviewed the Plaintiff's litigation history in this Court and concludes that the Plaintiff is engaging in a pattern of abusive, frivolous, malicious, manipulative, and harassing litigation that demonstrates an improper motive and lack of good faith. Accordingly, the Court will exercise its discretion to deny authorization to proceed in forma pauperis.

The Plaintiff shall have 14 days within which to pay the full filing fee in this case. Should she fail to do so, the Court will dismiss this action without prejudice. Such dismissal, however, would be without prejudice **ONLY** as to Plaintiff refiling the action and paying the filing fee in the first instance. Any attempt to refile this action without paying the filing fee will result in a dismissal **WITH PREJUDICE** without further warning to the Plaintiff. Should Plaintiff timely pay the filing fee in this case, the Court will conduct its initial review of Plaintiff's Complaint.

### III. Pre-Filing Review System

Pursuant to Rule 11, the Court may impose sanctions to deter abusive litigation tactics. See Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991).

5

Case 3:23-cv-00021-GCM-DCK   Document 4   Filed 01/26/23   Page 5 of 8

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to Plaintiff's history of frivolous, vexatious, duplicative, and manipulative litigation in this Court, as set out above, the Court concludes that the imposition of a pre-filing review system is warranted. Moreover, the Court warned Plaintiff that it would consider "the potential imposition of a pre-filing review system to protect the Court from Plaintiff's continued abuse of the judicial process." [Case No. 3:22-cv-109, Doc. 9 at 5-6; see also Case No. 3:22-cv-166, Doc. 5 at 3 ("Plaintiff is cautioned that the repeated filing of frivolous actions may result in the imposition of sanctions including a pre-filing injunction.")]. Despite these warnings, Plaintiff persists in shirking the Court's Orders and the judicial process, which is particularly troubling given that Plaintiff is a law student. Moreover, Plaintiff's conduct

is extremely burdensome on the Court, having caused the Court to expend considerable time and resources addressing her improper filings. Due to these circumstances, the Court concludes that the Plaintiff will continue her abusive behavior if she is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from her. See Vandyke, 2012 WL 2576746, at *3. If the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for [her] legitimate concerns, but will prevent [her] from usurping the Court's resources with [her] baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**.

(2) The Plaintiff shall **PAY** the filing fee within 14 days of this Order. Should the Plaintiff fail to comply, this case will be dismissed without prejudice and without further notice to the Plaintiff in accordance with the terms of this Order.

(3) **IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why she believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned**

**that her failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: January 26, 2023

Graham C. Mullen
United States District Judge